Dawn M. Bayne, State Bar #20368
Christen N. Carns, State Bar #26211
**ALLEN, SALA & BAYNE, PLC**
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
Ofc: (602) 256-6000
Fax: (602) 252-4712
Email: dbayne@asbazlaw.com

Attorneys for Trustee Constantino Flores

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| BIOAUTHORIZE, INC., | Case No. 2-10-bk-03505-GBN |
| Debtor. | |
| CONSTANTINO FLORES, CHAPTER 7 TRUSTEE, | Adv. No. 2-11-ap-00930-GBN |
| Plaintiff, | **COMPLAINT TO AVOID FRAUDULENT TRANSFER OF PROPERTY (11 U.S.C. § 548)** |
| vs. | |
| ISLAND CAPITAL MANAGEMENT, LLC and ISLAND STOCK TRANSFER, | |
| Defendants. | |

Constantino Flores, Chapter 7 Trustee and Plaintiff herein, by and through undersigned counsel, for the Complaint against Island Captial Management, LLC and Island Stock Transfer, respectfully alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. The Plaintiff is the duly appointed and authorized Chapter 7 Trustee in this bankruptcy case.

2. Upon information and belief, Island Capital Management, LLC is a business entity registered to conduct business in Florida. Island Stock Transfer, is a division Island Capital Management, LLC and is not a separate and independent business entity (collectively known as "Defendants").

3. Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 544, 547, 548 and 550 and Bankruptcy Rules 7001, *et seq.*

4. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F), (H) and (O).

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

**FACTUAL ALLEGATIONS**

6. On February 11, 2010, BioAuthorize, Inc. ("Debtor") filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code ("Petition Date").

7. On March 5, 2010, this case converted to one under Chapter 7 of the United State Bankruptcy Code ("Conversion Date").

8. The Debtor is a business entity registered in the State of Colorado and registered as a foreign corporation with the Arizona Corporation Commission.

9. BioAuthorize Holdings, Inc. is a business entity registered in the State of Nevada and was formerly a publicly traded company ("BAH").

10. On November 10, 2009, the Debtor transferred $1,001.00 to the Defendants from the Debtor's National Bank of Arizona account via check number 1668 ("Pre-Petition Transfer").

11. On February 16, 2010, the Debtor transferred $357.04 to the Defendants from the Debtor's National Bank of Arizona account via check number 1679 ("Post-Petition Transfer").

12. Upon information and belief, the Pre-Petition Transfer and the Post-Petition Transfer were made for the benefit of BAH as payment for filings with the Securities and Exchange Commission.

**COUNT ONE**

*(FRAUDULENT TRANSFER)*

13. Plaintiff incorporates by reference all of the allegations contained in the preceding paragraphs as more fully set forth herein.

14. Upon information and belief, Debtor made the Pre-Petition Transfer to Defendants with the actual intent to hinder, delay, or defraud the creditors within the meaning of

-2-

\\BES-9000\Documents\6000\6100\6136-Flores\699-BioAuthorize, Inc\Adv - Island Stock Transfer\Fraud and Post-Petition.doc

Case 2:11-ap-00930-GBN    Doc 1    Filed 05/24/11    Entered 05/24/11 13:48:24    Desc
Main Document    Page 2 of 5

11 U.S.C. § 548(a)(1)(A).

15. Upon information and belief, Debtor received less than reasonably equivalent value in exchange for the Pre-Petition Transfer.

16. Upon information and belief, Debtor was insolvent at the time of the Pre-Petition Transfer, or became insolvent as a result of the Pre-Petition Transfer.

17. Upon information and belief, at the time of the Pre-Petition Transfer the Debtor was engaged in business or a transaction, or were about to engage in business or a transaction, for which the Debtor's remaining property constituted unreasonably small capital.

18. Upon information and belief, at the time of the Pre-Petition Transfer the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay at maturity.

19. Debtor made the Pre-Petition Transfer within one year of the Petition Date.

20. Pursuant to A.R.S. § 44-1004 and 1009 and 11 U.S.C. §§ 544, 548, and 550, the Trustee may avoid the Pre-Petition Transfer and recover the value of the Pre-Petition Transfer for the benefit of the bankruptcy estate.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendants:

A. Avoiding the Pre-Petition Transfer;

B. Directing Defendant, and any and all subsequent transferees of the Pre-Petition Transfer, to return the Pre-Petition Transfer to the Trustee for the benefit of the Debtor's bankruptcy estate;

C. In the amount of $1,001.00, the value of the Pre-Petition Transfer;

D. Awarding Plaintiff's reasonable attorney's fees, which shall not exceed $1,000.00, if a default judgment is entered;

E. Awarding Plaintiff's reasonable costs incurred herein, which shall not exceed $250.00, if a default judgment is entered; and

F. For such other and further relief as this Court deems just and appropriate under the circumstances.

/ / /

-3-
\\BES-9000\Documents\6000\6100\6136-Flores\699-BioAuthorize, Inc\Adv - Island Stock Transfer\Fraud and Post-Petition.doc

Case 2:11-ap-00930-GBN    Doc 1    Filed 05/24/11    Entered 05/24/11 13:48:24    Desc
Main Document    Page 3 of 5

# COUNT TWO

*(POST-PETITION TRANSFER)*

21. Plaintiff incorporates by reference all of the allegations contained in the preceding paragraphs as more fully set forth herein.

22. Pursuant to 11 U.S.C. § 549(a), the Trustee may avoid a transfer of property of the estate that occurs after the commencement of the case which is not authorized by the court.

23. The funds held in the Debtor's National Bank of Arizona account on the Petition Date are property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a).

24. The Post-Petition Transfer was made after the Petition Date.

25. This Court did not authorize the Post-Petition Transfer.

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment against the Defendants as follows:

A. Avoiding the Post-Petition Transfer;

B. Directing Defendants, and any and all subsequent transferees of the Post-Petition Transfer, to return the Post-Petition Transfer to the Trustee for the benefit of the Debtor's bankruptcy estate;

C. In the amount of $357.04, the value of the Post-Petition Transfer;

D. Awarding Plaintiff's reasonable attorney's fees, which shall not exceed $1,000.00, if a default judgment is entered;

E. Awarding Plaintiff's reasonable costs incurred herein, which shall not exceed $250.00, if a default judgment is entered; and

/ / /

/ / /

/ / /

/ / /

1  F. For such other and further relief as this Court deems just and appropriate under the
2  circumstances.
3  DATED May 24, 2011

**ALLEN, SALA & BAYNE, PLC**

*/s/ DMB #20368*
Dawn M. Bayne
Christen N. Carns
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
Attorneys for Chapter 7 Trustee Constantino Flores